UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22095

TOMAS DE JESUS CORTES,

    Plaintiff,

vs.

AVFLEX, CORP. and
JORGE A. GONZALEZ,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Tomas de Jesus Cortes, sues Defendants, Avflex, Corp. and Jorge A. Gonzalez, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Tomas de Jesus Cortes**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Avflex, Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Jorge A. Gonzalez,** was at all times material an officer/director/owner of Afflex Corp., for the time period relevant to this lawsuit. He also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Avflex Corp., maintained its principal place of business in this District, because all information returns were issued to Plaintiff in this District, Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – VIOLATION(S) OF 26 U.S.C. §7434**

Plaintiff, Tomas de Jesus Cortes, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

8. Plaintiff worked for Defendants from approximately from March 2018 to March 28, 2019.

9. Defendants, Avflex, Corp. and Jorge A. Gonzalez, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

10. Defendants paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendant.

11. Defendants normally paid Plaintiff by direct deposit into his bank account.

12. During the time that Plaintiff worked for Defendants, they only included a portion of his wages in the direct deposited funds, as they also paid Plaintiff a portion of his wages in separate checks.

13. Defendants did not, however, include the amounts that they paid to Plaintiff in the separate checks in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form1099 that Defendants issued to Plaintiff for calendar year 2018.

14. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 2088 for calendar year 2018 by underreporting the amount they paid to Plaintiff in calendar year 2018.

18. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns caused by Defendants' intentional and willful acts as described above.

19. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Tomas de Jesus Cortes, demands the entry of a judgment in his

favor and against Defendants, Avflex, Corp. and Jorge A. Gonzalez, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants as set forth above;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c.    That Plaintiff recover all interest allowed by law; and

    d.    Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Tomas de Jesus Cortes, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

15. Plaintiff consents to participate in this claim for unpaid/underpaid overtime wages against Defendants.

16. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

17. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

18. In particular, Defendants own and operate a company that repairs, machines, and manufactures aviation parts that arrive from outside the State of Florida and that also travel outside of the State of Florida.

19. Defendants have been at all times material engaged in interstate commerce in the course of their selling and distributing tires and parts, which traditionally, cannot be performed without using goods, materials, supplies, components, machinery, computers, network cabling, computer networking equipment, metals, and equipment that have all moved through interstate commerce.

20. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

21. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

22. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

23. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

24. Plaintiff was a non-exempt employee of Defendants.

25. Plaintiff worked for Defendants from about March 2018 to March 28, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

26. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of working as an aircraft parts machinist,

5

through which he his regularly and recurrently fabricated tools and repaired damaged aviation parts using metals and other goods and supplies that moved through interstate commerce.

27. Defendants would pay Plaintiff an hourly rate of $24.00 during his employment with Defendants until March 9, 2019, when Defendants increased Plaintiff's hourly rate to $24.50 per hour.

28. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

29. Defendants paid Plaintiff at his regular rate of pay for 40 hours through direct deposit and then paid additional hours that he worked beyond 40 hours in a workweek at his regular hourly rate of pay in a separate check.

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

31. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

32. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Tomas de Jesus Cortes, demands the entry of a judgment in his favor and against Defendants, Avflex, Corp. and Jorge A. Gonzalez, jointly and severally after trial by jury and as follows:

a.  That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b.  That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiff recover all interest allowed by law;

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.  Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 23rd day of May, 2019.

                                             Respectfully Submitted,

                                             s/Brian H. Pollock, Esq.
                                             Brian H. Pollock, Esq.
                                             Fla. Bar No. 174742
                                             brian@fairlawattorney.com
                                             FAIRLAW FIRM
                                             7300 North Kendall Drive
                                             Suite 450
                                             Miami, FL 33156
                                             Tel:    305.230.4884
                                             *Counsel for Plaintiff*